Andrew O. Smith, Esq., SBN 217538
Carey J. Ramin, Esq., SBN 300610
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail:    aosmith@pettitkohn.com
           cramin@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION SHAPIRO,<br><br>                    Plaintiff,<br><br>v.<br><br>WALMART INC.; and DOES 1 TO 10,<br><br>                    Defendants. | CASE NO.:  2:22-cv-05418<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)**<br><br>Courtroom:<br>District Judge:<br>Magistrate Judge:<br>Complaint Filed:  March 24, 2022<br>Trial Date:        Not Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Walmart"), by and through its counsel, hereby removes the above-entitled action filed by Plaintiff MARION SHAPIRO ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV10322 to the United States District Court, Central District of California pursuant to 28 U.S.C. §1441, and respectfully alleges as follows:

///

///

///

1

1.     On March 24, 2022, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Marion Shapiro v Walmart Inc*, Case Number 22STCV10322 ("the State Action").  A copy of the complaint filed in the State Action is attached hereto as Exhibit 1.

2.     WALMART was served with a copy of the complaint filed in the State Action and a summons from the State Court on April 12, 2022.  A copy of the summons is attached hereto as Exhibit 2.

3.     Plaintiff's complaint purports to assert causes of action for general negligence and premises liability. The complaint seeks to recover hospital and medical expenses, general damages and "[a]ll other damages caused by the actions of the defendants."

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

4.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 (a)(1), because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 (a) and (b).

5.     Plaintiff is a citizen of the State of California. Plaintiff has lived in California for the last ten years and presently does not have plans to move out of the state of California. A copy of Walmart's Requests for Admission and Plaintiff's verified responses are attached hereto as Exhibit 3, and Walmart's Special Interrogatories and Plaintiff's verified responses are attached hereto as Exhibit 4.

6.     Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). Copies of Walmart's corporate information from the California Secretary of State Business Search and the Arkansas Secretary of Business/Commercial Services are attached hereto as Exhibits 5 and 6, respectively.

7.     Plaintiff claims the amount in controversy for this matter exceeds $75,000. (Exhibit 3, Plaintiff's response to Request for Admission No. 1.)

8.      Plaintiff's response to written discovery regarding Plaintiff's California citizenship and amount in controversy was served to Walmart on July 6, 2022. Removal is timely under 28 U.S.C. section 1446 (b) because this Notice of Removal is filed within 30 days of Walmart receiving the responses to discovery showing that the case is removable.

9.      Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441 (a).

10.      Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff.  A true and correct copy of this Notice of Removal and the concurrently-filed Notice of Interested Parties and Civil Cover Sheet will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles as soon as practicable.

WHEREFORE, WALMART requests that the above-entitled action be removed from the Superior Court of the State of California, County of Los Angeles, to this District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated:  August 3, 2022          By:     _s/ Carey J. Ramin_
                                        Andrew O. Smith, Esq.
                                        Carey J. Ramin, Esq.
                                        Attorneys for Defendant
                                        **WALMART INC.**
                                        aosmith@pettitkohn.com
                                        cramin@pettitkohn.com

Electronically FILED by Superior Court of California, County of Los Angeles on 03/24/2022 05:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Case 2:22-cv-05418-FMO-ADS   Document 1-3  Filed 08/03/22   Page 4 of 47   Page ID #:4

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo

**PLD-PI-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

DALE E. MOTLEY, SBN 69208
OGDEN & MOTLEY
1900 Avenue of the Stars
Suite 2300
Los Angeles, California 90067

TELEPHONE NO: 310-286-6760   FAX NO. *(Optional)*: 310-286-7419

E-MAIL ADDRESS *(Optional)*: dalemotley@msn.com

ATTORNEY FOR *(Name)*: MARION SHAPIRO

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 312 North Spring Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: CENTRAL DISTRICT / SPRING STREET

PLAINTIFF: MARION SHAPIRO

DEFENDANT: WALMART INC.; and

[X] DOES 1 TO ___10____

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

[ ] AMENDED *(Number):*

Type *(check all that apply):*

[ ] **MOTOR VEHICLE**   [ ] **OTHER** *(specify):*
   [ ] **Property Damage**   [ ] **Wrongful Death**
   [ ] **Personal Injury**   [ ] **Other Damages** *(specify):*

Jurisdiction *(check all that apply):*

[ ] **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded   [ ] does not exceed $10,000
              [ ] exceeds $10,000, but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:

22STCV10322

1. **Plaintiff** *(name or names):* MARION SHAPIRO

  alleges causes of action against **defendant** *(name or names):* WALMART INC.; and DOES 1 to 10

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
  a. [ ] **except** plaintiff *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor  [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

  b. [ ] **except** plaintiff *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor  [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

Exhibit 1

4

| SHORT TITLE: SHAPIRO v. WALMART | CASE NUMBER: | **PLD-PI-001** |
|---|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* WALMART INC.   c. ☐ **except** defendant *(name):*

   (1) ☐ a business organization, form unknown   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*   (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*   d. ☐ **except** defendant *(name):*

   (1) ☐ a business organization, form unknown   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*   (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 TO 10 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

Exhibit 1
5

**PLD-PI-001**

| SHORT TITLE: SHAPIRO v. WALMART | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐  Motor Vehicle
   b. ☒  General Negligence
   c. ☐  Intentional Tort
   d. ☐  Products Liability
   e. ☒  Premises Liability
   f. ☐  Other *(specify)*:

11. Plaintiff has suffered
   a. ☐  wage loss
   b. ☐  loss of use of property
   c. ☒  hospital and medical expenses
   d. ☒  general damage
   e. ☐  property damage
   f. ☐  loss of earning capacity
   g. ☒  other damage *(specify)*: All other damages caused by the actions of the defendants.

12. ☐  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐  listed in Attachment 12.
   b. ☐  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒  compensatory damages
      (2) ☐  punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒  according to proof
      (2) ☐  in the amount of: $

15. ☐  The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: March 24, 2022

DALE E. MOTLEY
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Exhibit 1
6

**PLD-PI-001(2)**

| SHORT TITLE: SHAPIRO v. WALMART | CASE NUMBER: |
|---|---|

FIRST _____ **CAUSE OF ACTION—General Negligence**        Page ___4___
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  MARION SHAPIRO

alleges that defendant *(name)*:  WALMART INC.

[X] Does ___1___ to _10_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*:  December 20, 2020

at *(place)*:  Walmart Store #1941 located at 1950 Auto Center Drive, Glendora, County of Los Angeles, State of California 91740
*(description of reasons for liability):*

While shopping in the Walmart Store #1941, Plaintiff was, without warning, struck on the head from behind by a heavy object. The object that struck the Plaintff was a large pole which had been attached to the wall and fell, without warning, striking the Plaintiff.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Legal Solutions Plus

Code of Civil Procedure 425.12

Exhibit 1
7

**PLD-PI-001(4)**

| SHORT TITLE: SHAPIRO v. WALMART | CASE NUMBER: |
|---|---|

SECOND _____   CAUSE OF ACTION—Premises Liability          Page 5 _____
_(number)_

ATTACHMENT TO  [X] Complaint    [ ] Cross-Complaint
_(Use a separate cause of action form for each cause of action.)_

Prem.L-1.  Plaintiff _(name):_ MARION SHAPIRO
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On _(date):_ December 20, 2020    plaintiff was injured on the following premises in the following

fashion _(description of premises and circumstances of injury):_
While shopping in the Walmart Store, located at 1950 Auto Center
Drive, Glendora, County of Los Angeles, State of California 91740,
Plaintiff was, without warning, struck on the head from behind by a
heavy object. The object that struck the Plaintff was a large pole
which had been attached to the wall and, without warning, fell and
struck the Plaintiff.

Prem.L-2.  [X] **Count One--Negligence**  The defendants who negligently owned, maintained, managed and operated
the described premises were _(names):_  WALMART INC.

[X] Does 1 _____  to  10 _____

Prem.L-3.  [ ] **Count Two--Willful Failure to Warn**  [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
_(names):_

[ ] Does _____ to _____
Plaintiff, a recreational user, was  [ ] an invited guest  [ ] a paying guest.

Prem.L-4.  [ ] **Count Three--Dangerous Condition of Public Property**  The defendants who owned public property
on which a dangerous condition existed were _(names):_

[ ] Does _____ to _____
a. [ ]  The defendant public entity had  [ ] actual  [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ]  The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants**  The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were _(names):_

[X] Does 1 _____  to  10 _____
b. [ ]  The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b  [ ] as follows _(names):_

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

Exhibit 1
8

Electronically FILED by Superior Court of California, County of Los Angeles on 03/24/2022 03:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** WALMART INC.; and DOES 1 TO 10
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** MARION SHAPIRO
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

SUPERIOR COURT OF CALIFORNIA/LOS ANGELES COUNTY
312 North Spring Street
Los Angeles, CA 90012
CENTRAL DISTRICT / SPRING STREET

CASE NUMBER: 22STCV10322

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DALE E. MOTLEY, SBN 69208          310-286-6760     310-286-7419
OGDEN & MOTLEY
1900 Avenue of the Stars, Suite 2300
Los Angeles, California 90067

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 03/24/2022 | Clerk, by | H. Flores-Hernandez | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walmart Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 4-12-22

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | |
| SUM-100 [Rev. July 1, 2009] | | |

Legal Solutions Plus

Exhibit 2
9

1 | Andrew N. Kohn, Esq., SBN 166385
2 | Carey J. Ramin, Esq., SBN 300610
  | **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
  | 11622 El Camino Real, Suite 300
3 | San Diego, CA 92130
  | Telephone: (858) 755-8500
4 | Facsimile: (858) 755-8504
  | E-mail: akohn@pettitkohn.com
5 |         cramin@pettitkohn.com

6 | Attorneys for Defendant
  | **WALMART INC.**

7 |

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES**

10 |

11 | MARION SHAPIRO,                         CASE NO.: 22STCV10322

12 |                Plaintiff,               **DEFENDANT WALMART INC.'S**
   |                                         **REQUESTS FOR ADMISSION**
13 | v.                                      **PROPOUNDED TO PLAINTIFF**
   |                                         **MARION SHAPIRO**
14 | WALMART INC.; and DOES 1 TO 10,
   |                                         **(SET ONE)**
15 |                Defendants.

16 |                                         Dept.:    29
   |                                         Judge:    Hon. Serena R. Murillo
17 |                                         Filed:    March 24, 2022
   |                                         Trial:    Not set
18 |

19 | PROPOUNDING PARTY:        Defendant WALMART INC.

20 | RESPONDING PARTY:         Plaintiff MARION SHAPIRO

21 | SET NUMBER:               ONE (1)

22 |         Defendant WALMART INC. ("Defendant"), pursuant to Code of Civil Procedure section

23 | 2033.010 et seq., requests that Plaintiff MARION SHAPIRO ("Plaintiff") admit the truth to the

24 | following specified matters of fact, opinion relating to fact, or application of relative fact, and

25 | return the signed responses within thirty days of service of this Requests for Admission.

26 |         Pursuant to Code of Civil Procedure section 2033.210 et seq., Plaintiff shall respond in

27 | writing under oath separately to each request or set forth an objection to the particular request.

28 | Each answer in response shall be as "complete and straightforward as the information reasonably

2354-9566

1

DEFENDANT WALMART INC.'S REQUESTS FOR ADMISSION PROPOUNDED TO
PLAINTIFF MARION SHAPIRO (SET ONE)

Exhibit 3
10

1   available to the responding party permits."  Moreover, each response shall comply with the strict

2   requirements of Code of Civil Procedure section 2033.010 et seq. Additionally, Defendant

3   formally gives notice of its intent to recover expenses incurred in proving matters not admitted by

4   Plaintiff that Defendant later proves the truth of, pursuant to Code of Civil Procedure section

5   2033.420 et seq.

6                                    **REQUESTS FOR ADMISSION**

7   **REQUEST FOR ADMISSION NO. 1:**

8        Admit the amount on controversy for this matter exceeds $75,000.

9   **REQUEST FOR ADMISSION NO. 2:**

10       Admit that YOU have lived in California for more than ten years. (As used herein, "YOU" or

11  "YOUR" means Plaintiff MARION SHAPIRO.)

12  **REQUEST FOR ADMISSION NO. 3:**

13       Admit that YOU have no plans on moving out of the state of California.

14  **REQUEST FOR ADMISSION NO. 4:**

15        Admit that YOU are domiciled in California.

16  **REQUEST FOR ADMISSION NO. 5:**

17       Admit that in the last five years, YOU have paid California taxes.

18  **REQUEST FOR ADMISSION NO. 6:**

19       Admit that DEFENDANT was not negligent in this matter. (As used herein,

20  "DEFENDANT" refers to Defendant WALMART INC. and its agents, employees, insurance

21  companies, and their agents, their employees, their attorneys, their accountants, their

22  investigators, and anyone else acting on their behalf.)

23  **REQUEST FOR ADMISSION NO. 7:**

24       Admit that DEFENDANT owed no duty to YOU on the date of the INCIDENT. (As used

25  herein, "INCIDENT" includes the circumstances and events surrounding the alleged occurrences

26  giving rise to this action as alleged in YOUR COMPLAINT. "COMPLAINT" means the

27  operative Complaint filed by YOU in this action, *MARION SHAPIRO v. WALMART INC.*,

28  ///

2

Exhibit 3
11

1    Superior Court of the State of California for the County of Los Angeles, Case Number

2    22STCV10322.)

3    **REQUEST FOR ADMISSION NO. 8:**

4        Admit that DEFENDANT breached no duty to YOU on the date of the INCIDENT.

5    **REQUEST FOR ADMISSION NO. 9:**

6        Admit that YOU currently have no evidence that DEFENDANT was aware of the

7    alleged hazard before the INCIDENT occurred.

8    **REQUEST FOR ADMISSION NO. 10:**

9        Admit that YOU currently have no evidence that an employee of DEFENDANT saw the

10    alleged hazard before the INCIDENT occurred.

11    **REQUEST FOR ADMISSION NO. 11:**

12        Admit that YOU currently have no evidence that a customer informed DEFENDANT of

13    the alleged hazard before the INCIDENT occurred.

14    **REQUEST FOR ADMISSION NO. 12:**

15        Admit that YOU do not know how long the dangerous condition YOU allege existed at

16    DEFENDANT's premises was present prior to the INCIDENT.

17    **REQUEST FOR ADMISSION NO. 13:**

18        Admit that DEFENDANT did not have actual notice of the dangerous condition YOU

19    allege caused the INCIDENT

20    **REQUEST FOR ADMISSION NO. 14:**

21        Admit that DEFENDANT did not have constructive notice of the dangerous condition

22    YOU allege caused the INCIDENT.

23    **REQUEST FOR ADMISSION NO. 15:**

24        Admit that YOU have no evidence DEFENDANT failed to guard or warn against a

25    dangerous condition related to the INCIDENT.

26    **REQUEST FOR ADMISSION NO. 16:**

27        Admit that at the time of the INCIDENT DEFENDANT'S associate was not using the

28    object that struck you.

2354-9566

DEFENDANT WALMART INC.'S REQUESTS FOR ADMISSION PROPOUNDED TO
PLAINTIFF MARION SHAPIRO (SET ONE)

Exhibit 3
12

**REQUEST FOR ADMISSION NO. 17:**

Admit that at the time of the INCIDENT DEFENDANT'S associate was not touching the object that struck you.

**REQUEST FOR ADMISSION NO. 18:**

Admit that DEFENDANT is not liable for YOUR injuries that occurred on the date of the INCIDENT.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU do not possess any photographs, videos, films or depictions that depict or describe the injuries YOU contend, were caused by the INCIDENT.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOUR injuries were caused, in whole, by YOU.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOUR injuries were caused, in part, by YOU.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU failed to exercise reasonable care in relation to the INCIDENT.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the injuries YOU alleged were caused by the INCIDENT were not the result of a dangerous condition in the Walmart store.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU did not receive any medical care or treatment within the period of time six (6) months prior to the INCIDENT.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU did not receive any medical care or treatment in the last ten (10) years that related to the same parts of YOUR body that were allegedly injured in the INCIDENT.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU do not need any further medical care as a result of the alleged INCIDENT.

///

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU will incur no future damages as a result of the INCIDENT.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU have no need of future treatment as a result of the INCIDENT.

**REQUEST FOR ADMISSION NO. 29:**

Admit YOU are not making a claim of mental distress over and above that usually associated with the physical injuries claimed in this litigation.

**REQUEST FOR ADMISSION NO. 30:**

Admit YOU are not making a claim of emotional distress over and above that usually associated with the physical injuries claimed in this litigation.

PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated:  May 12, 2022          By: _____
                                   Andrew N. Kohn, Esq.
                                   Carey J. Ramin, Esq.
                                   Attorneys for Defendant
                                   **WALMART INC.**

1

## PROOF OF SERVICE
### *Marion Shapiro v Walmart Inc.*
**Los Angeles County Superior Court Case No. 22STCV10322**

2

3        I, the undersigned, declare that:

4        I am and was at the time of service of the papers herein, over the age of eighteen (18)
years and am not a party to the action.  I am employed in the County of San Diego, California,
5   and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

6        On **May 12, 2022,** I caused to be served the following document:

7        **DEFENDANT WALMART INC.'S REQUESTS FOR ADMISSION**
        **PROPOUNDED TO PLAINTIFF MARION SHAPIRO (SET ONE)**

8

9   **[X]      BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court,
        rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or
10       electronic transmission, I caused such document(s) to be electronically served to those
        parties listed below from e-mail address lremsnyder@pettitkohn.com.  The file
11       transmission was reported as complete and a copy of the Service Receipt will be
        maintained with the original document(s) in our office.

12

13  Dale E. Motley, Esq.
    OGDEN & MOTLEY
14  1900 Avenue of the Stars, Suite 2300
    Los Angeles, CA 90067
15  Tel:    (310) 286-6760
    Fax:    (310) 286-7419
16  Email: dalemotley@msn.com
    **Attorneys for Plaintiff**
17  **MARION SHAPIRO**

18

        I declare under penalty of perjury under the laws of the State of California that the
19  foregoing is true and correct.

20       Executed on **May 12, 2022,** at San Diego, California.

21

22                                        _____
                                          Lisa M. Remsnyder

23

24

25

26

27

28

2354-9566

1  DALE E. MOTLEY, SBN 69208
   OGDEN & MOTLEY
2  1900 Avenue of the Stars
   Suite 2300
3  Los Angeles, California 90067

4  (310) 286-6760; Fax (310) 286-7419

5  Attorneys for Plaintiff,
   MARION SHAPIRO
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10

11  MARION SHAPIRO,                )   Case No. 22STCV09208
                                   )
12          Plaintiff,             )   Assigned for All Purposes:
                                   )   Honorable Serena R. Murillo
13  vs.                            )   Department 29
                                   )
14  WALMART INC., etc.; et al.,    )   Complaint Filed: March 24, 2022
                                   )
15          Defendants.            )   **RESPONSE OF PLAINTIFF, MARION**
                                   )   **SHAPIRO, TO REQUEST FOR**
16  ─────────────────────────     )   **ADMISSIONS - SET ONE**

17

18      REQUESTING PARTY      :    Defendant, WALMART INC.

19      RESPONDING PARTY      :    Plaintiff, MARION SHAPIRO

20      SET NUMBER            :    One

21  ──────────────────────────────────────────────────────────

22      Pursuant to *Code of Civil Procedure, Section 2033.210*, Plaintiff, MARION SHAPIRO

23  (hereinafter referred to sometimes as "Responding Party"), hereby submits the following

24  Response to Defendant's Request for Admissions, Set One.

25      Each of the following responses is made solely for the purposes of this action. Each

26  response is subject to all objections as to competence, relevance, materiality, propriety, and

27  admissibility, and any and all objections on any ground that would require the exclusion of any

28  statement herein if any request were asked of, or statements contained herein made by, a witness

1  present and testifying in court, all of which objections and grounds are expressly reserved and

2  may be interposed at the time of trial.

3       Each of the following responses is based upon information and writings presently

4  available to and located by Responding Party and Responding Party's attorney.  Discovery will

5  continue as long as permitted by statute or stipulation of the parties herein, and the investigation

6  of Responding Party's attorneys and agents will continue to and throughout the trial of this

7  action.  Responding Party reserves the right, prior to or at the time of the trial, to introduce any

8  evidence from any sources that may hereafter be discovered, and any testimony of witnesses

9  whose identity may hereafter be discovered.

10       If any information has unintentionally been omitted from these responses, Responding

11  Party reserves the right to apply for relief so as to permit the insertion of the information omitted

12  from these responses.

13       No incidental or implied admissions are intended by the responses herein.  The fact that

14  Responding Party has responded or objected to any request should not be taken as an admission

15  that Responding Party accepts or admits the existence of any facts set forth or assumed by such

16  request, or that such response or objections constitute admissible evidence.  That Responding

17  Party has responded to part or all of any request is not intended to and shall not be construed to

18  be a waiver of any part of any objection to any request.

19       To the extent any or all requests call for information prepared in anticipation of litigation

20  or for trial, or which is otherwise covered by the work-product doctrine or is protected from

21  disclosure by the attorney-client privilege, or any other privilege, Responding Party objects to

22  each and every such request and will not supply or render information protected from discovery

23  by virtue of such doctrines or privileges.

24       To the extent that information supplied herein is derived from or contained in reports or

25  documents prepared by anyone other than Responding Party, or Responding Party agents or

26  employees, Responding Party does not admit that the statements contained therein are true or

27  accurate.

28       Subject to and without waiving of the foregoing, all of which applies to and is

incorporated by reference as though fully set forth in the response to each and every request, Responding Party makes the following responses.

**REQUEST FOR ADMISSION NO. 1:**

Admit the amount on controversy for this matter exceeds $75,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Responding Party objects to this request on the ground that it calls for a legal conclusion, expert opinion, and speculation. However, without waiving the foregoing objections, Responding party admits this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have lived in California for more than ten years. (As used herein, "YOU" or "YOUR" means Plaintiff MARION SHAPIRO.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Responding Party objects to this request on the ground that it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. However, without waiving the foregoing objections, Responding party admits this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have no plans on moving out of the state of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Responding Party objects to this request on the ground that it calls for a speculation and is not reasonably calculated to lead to the discovery of relevant and admissible evidence. However, without waiving the foregoing objections, Responding party admits this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are domiciled in California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Responding Party objects to this request on the ground that it calls for a legal conclusion, expert opinion, and speculation. However, without waiving the foregoing objections, Responding party admits this request.

///

RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Exhibit 3
18

1  **REQUEST FOR ADMISSION NO. 5:**

2      Admit that in the last five years, YOU have paid California taxes.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

4      Responding Party objects to this request on the ground that it calls for privileged

5  information and is not reasonably calculated to lead to the discovery of relevant and admissible

6  evidence.  However, without waiving the foregoing objections, Responding party admits this

7  request.

8  **REQUEST FOR ADMISSION NO. 6:**

9      Admit that DEFENDANT was not negligent in this matter. (As used herein,

10  "DEFENDANT" refers to Defendant WALMART INC. and its agents, employees, insurance

11  companies, and their agents, their employees, their attorneys, their accountants, their

12  investigators, and anyone else acting on their behalf.)

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

14      Responding Party objects to this request on the ground that it calls for a legal conclusion,

15  expert opinion, and speculation.  However, without waiving the foregoing objections,

16  Responding party denies this request.

17  **REQUEST FOR ADMISSION NO. 7:**

18      Admit that DEFENDANT owed no duty to YOU on the date of the INCIDENT. (As used

19  herein, "INCIDENT" includes the circumstances and events surrounding the alleged occurrences

20  giving rise to this action as alleged in YOUR COMPLAINT. "COMPLAINT" means the

21  operative Complaint filed by YOU in this action, MARION SHAPIRO v. WALMART INC.)

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23      Responding Party objects to this request on the ground that it calls for a legal conclusion,

24  expert opinion, and speculation.  However, without waiving the foregoing objections,

25  Responding party denies this request.

26  **REQUEST FOR ADMISSION NO. 8:**

27      Admit that DEFENDANT breached no duty to YOU on the date of the INCIDENT.

28  ///

RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Exhibit 3
19

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Responding Party objects to this request on the ground that it calls for a legal conclusion, expert opinion, and speculation.   However, without waiving the foregoing objections, Responding party denies this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU currently have no evidence that DEFENDANT was aware of the alleged hazard before the INCIDENT occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding Party objects to this request on the ground that it calls for a legal conclusion, expert opinion, and speculation.   However, without waiving the foregoing objections, Responding party denies this request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU currently have no evidence that an employee of DEFENDANT saw the alleged hazard before the INCIDENT occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding Party objects to this request on the ground that it calls for a legal conclusion, expert opinion, and speculation.   However, without waiving the foregoing objections, Responding party denies this request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU currently have no evidence that a customer informed DEFENDANT of the alleged hazard before the INCIDENT occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Party objects to this request on the ground that it calls for a legal conclusion, expert opinion, and speculation.   However, without waiving the foregoing objections, Responding party denies this request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU do not know how long the dangerous condition YOU allege existed at DEFENDANT's premises was present prior to the INCIDENT.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

2         Responding Party objects to this request on the ground that it calls for a legal conclusion,

3    expert opinion, and speculation.   However, without waiving the foregoing objections,

4    Responding party denies this request.

5    **REQUEST FOR ADMISSION NO. 13:**

6         Admit that DEFENDANT did not have actual notice of the dangerous condition YOU

7    allege caused the INCIDENT

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

9         Responding Party objects to this request on the ground that it calls for a legal conclusion,

10   expert opinion, and speculation.   However, without waiving the foregoing objections,

11   Responding party denies this request.

12   **REQUEST FOR ADMISSION NO. 14:**

13        Admit that DEFENDANT did not have constructive notice of the dangerous condition

14   YOU allege caused the INCIDENT.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

16        Responding Party objects to this request on the ground that it calls for a legal conclusion,

17   expert opinion, and speculation.   However, without waiving the foregoing objections,

18   Responding party denies this request.

19   **REQUEST FOR ADMISSION NO. 15:**

20        Admit that YOU have no evidence DEFENDANT failed to guard or warn against a

21   dangerous condition related to the INCIDENT.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

23        Responding Party objects to this request on the ground that it calls for a legal conclusion,

24   expert opinion, and speculation.   However, without waiving the foregoing objections,

25   Responding party denies this request.

26   **REQUEST FOR ADMISSION NO. 16:**

27        Admit that at the time of the INCIDENT DEFENDANT'S associate was not using the

28   object that struck you.

RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Exhibit 3

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2      Responding Party does not have sufficient information to admit or deny this request.  This

3   request seeks information that is not known or readily obtainable by the Responding Party and

4   that is presumably in the possession of the Defendant and Responding party therefore denies this

5   request.  Discovery is continuing.

6   **REQUEST FOR ADMISSION NO. 17:**

7      Admit that at the time of the INCIDENT DEFENDANT'S associate was not touching

8   the object that struck you.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

10      Responding Party does not have sufficient information to admit or deny this request.  This

11   request seeks information that is not known or readily obtainable by the Responding Party and

12   that is presumably in the possession of the Defendant and Responding party therefore denies this

13   request.  Discovery is continuing.

14   **REQUEST FOR ADMISSION NO. 18:**

15      Admit that DEFENDANT is not liable for YOUR injuries that occurred on the date of

16   the INCIDENT.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

18      Responding Party objects to this request on the ground that it calls for a legal conclusion,

19   expert opinion, and speculation.  However, without waiving the foregoing objections,

20   Responding party denies this request.

21   **REQUEST FOR ADMISSION NO. 19:**

22      Admit that YOU do not possess any photographs, videos, films or depictions that depict

23   or describe the injuries YOU contend, were caused by the INCIDENT.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25      Responding Party denies this request.

26   **REQUEST FOR ADMISSION NO. 20:**

27      Admit that YOUR injuries were caused, in whole, by YOU.

28   ///

RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Exhibit 3
22

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

2        Responding Party objects to this request on the ground that it calls for a legal conclusion, expert

3    opinion, and speculation.  However, without waiving the foregoing objections, Responding party denies

4    this request.

5    **REQUEST FOR ADMISSION NO. 21:**

6        Admit that YOUR injuries were caused, in part, by YOU.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

8        Responding Party objects to this request on the ground that it calls for a legal conclusion,

9    expert opinion, and speculation.   However, without waiving the foregoing objections,

10   Responding party denies this request.

11   **REQUEST FOR ADMISSION NO. 22:**

12       Admit that YOU failed to exercise reasonable care in relation to the INCIDENT.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

14       Responding Party objects to this request on the ground that it calls for a legal conclusion,

15   expert opinion, and speculation.   However, without waiving the foregoing objections,

16   Responding party denies this request.

17   **REQUEST FOR ADMISSION NO. 23:**

18       Admit that the injuries YOU alleged were caused by the INCIDENT were not the result

19   of a dangerous condition in the Walmart store.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

21       Responding Party objects to this request on the ground that it calls for a legal conclusion,

22   expert opinion, and speculation.   However, without waiving the foregoing objections,

23   Responding party denies this request.

24   **REQUEST FOR ADMISSION NO. 24:**

25       Admit that YOU did not receive any medical care or treatment within the period of time

26   six (6) months prior to the INCIDENT.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

28       Responding Party denies this request.

RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Exhibit 3
23

1  **REQUEST FOR ADMISSION NO. 25:**

2      Admit that YOU did not receive any medical care or treatment in the last ten (10) years

3  that related to the same parts of YOUR body that were allegedly injured in the INCIDENT.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

5      Responding Party objects to this request on the ground that it calls for a legal conclusion,

6  expert opinion, and speculation.   However, without waiving the foregoing objections,

7  Responding party admits this request.

8  **REQUEST FOR ADMISSION NO. 26:**

9      Admit that YOU do not need any further medical care as a result of the alleged

10  INCIDENT.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

12      Responding Party objects to this request on the ground that it calls for a legal conclusion,

13  expert opinion, and speculation.   However, without waiving the foregoing objections,

14  Responding party denies this request.

15  **REQUEST FOR ADMISSION NO. 27:**

16      Admit that YOU will incur no future damages as a result of the INCIDENT.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

18      Responding Party objects to this request on the ground that it calls for a legal conclusion,

19  expert opinion, and speculation.   However, without waiving the foregoing objections,

20  Responding party denies this request.

21  **REQUEST FOR ADMISSION NO. 28:**

22      Admit that YOU have no need of future treatment as a result of the INCIDENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

24      Responding Party objects to this request on the ground that it calls for a legal conclusion,

25  expert opinion, and speculation.   However, without waiving the foregoing objections,

26  Responding party denies this request.

27  **REQUEST FOR ADMISSION NO. 29:**

28      Admit YOU are not making a claim of mental distress over and above that usually

1    associated with the physical injuries claimed in this litigation.

2    **RESPONSE TO REQUEST FOR ADMISSION NO.29:**

3         Responding Party objects to this request on the ground that it calls for a legal conclusion,

4    expert opinion, and speculation.   However, without waiving the foregoing objections,

5    Responding party denies this request.

6    **REQUEST FOR ADMISSION NO. 30:**

7         Admit YOU are not making a claim of emotional distress over and above that usually

8    associated with the physical injuries claimed in this litigation.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

10        Responding Party objects to this request on the ground that it calls for a legal conclusion,

11   expert opinion, and speculation.   However, without waiving the foregoing objections,

12   Responding party denies this request.

13        DATED: July   6 , 2022

14

15                                        OGDEN & MOTLEY,

16

17                              By:   DALE E. MOTLEY,
                                     Attorneys for Plaintiff,
18                                   MARION SHAPIRO

19

20

21

22

23

24

25

26

27

28

RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Exhibit 3
25

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing ___ RESPONSE TO REQUEST FOR ADMISSION ___

_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

[X] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground alleges that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___ July 6, 2022 ___ , at ___ Covina ___ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

MARION SHAPIRO
_____          _____
Type or Print Name                Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ in this action

on _____

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

    ☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

    ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Type or Print Name             Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus    Rev. 7/99

Exhibit 3

26

1          **PROOF OF SERVICE**

2    STATE OF CALIFORNIA          )
                                  ) ss.
3    COUNTY OF LOS ANGELES        )

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
     not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2300,
5    Los Angeles, California 90067.

6          On July  6  , 2022, I served the foregoing document described as:

7    **RESPONSE OF PLAINTIFF, MARION SHAPIRO, TO REQUEST FOR
     ADMISSIONS - SET ONE**

8
     on interested parties in this action by placing a true copy thereof in a sealed envelope addressed as
9    follows:

10   CAREY J. RAMIN
     PETTIT, KOHN, INGRASSIA & DOLIN
11   11622 El Camino Real, Suite 300
     San Diego, California 92130
12   cramin@pettitkohn.com
     lremsnyder@pettitkohn.com
13

14         [ ]    **BY MAIL AS FOLLOWS**:  The envelope was mailed with postage thereon fully
     prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence
15   for mailing.  Under that practice of collection and processing correspondence for mailing.  Under that
     practice it would be deposited with the U.S. postal service on that same day with postage thereon fully
16   prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the
     party served, service is presumed invalid if the postal cancellation date or postage meter date is more
17   than one day after service of deposit for mailing an affidavit.

18         [X]    **BY EMAIL**: The foregoing document was transmitted to the above-named persons by
     email from dalemotley@msn.com before 5:00 P.M. on said date and the transmission was reported as
19   complete without error to the above-listed e-mails.

20         ☐     **BY FACSIMILE MACHINE**: The foregoing document was transmitted to the above-
     named persons by facsimile transmission from (310) 286-7419 before 5:00 P.M. on said date and the
21   transmission was reported as complete without error.

22         [ ]    **CERTIFIED MAIL/RETURN RECEIPT REQUESTED** :  I caused such envelope
     to be mailed, with postage thereon fully prepaid, by certified mail/return receipt requested.

23         [X]    **(State)**  I declare under penalty of perjury under the laws of the State of California the
     above is true and correct.
24

25         ☐     **(Federal)** I declare that I am employed in the office of a member of the bar of this
     court and whose direction the service was made.

26         Executed on July  6  , 2022, at Los Angeles, California.

27

28                                              _____
                                                DALE E. MOTLEY

Exhibit 3
27

1   Andrew N. Kohn, Esq., SBN 166385
    Carey J. Ramin, Esq., SBN 300610
2   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
    11622 El Camino Real, Suite 300
3   San Diego, CA 92130
    Telephone: (858) 755-8500
4   Facsimile: (858) 755-8504
    E-mail: akohn@pettitkohn.com
5           cramin@pettitkohn.com

6   Attorneys for Defendant
    **WALMART INC.**

7

8                       **SUPERIOR COURT OF CALIFORNIA**

9                         **COUNTY OF LOS ANGELES**

10

11   MARION SHAPIRO,                        CASE NO.:  22STCV10322

12                    Plaintiff,            **DEFENDANT WALMART INC.'S**
                                            **SPECIAL INTERROGATORIES**
13   v.                                     **PROPOUNDED TO PLAINTIFF**
                                            **MARION SHAPIRO**
14   WALMART INC.; and DOES 1 TO 10,
                                            **(SET ONE)**
15                    Defendants.

16

17                                          Dept.:      29
                                            Judge:      Hon. Serena R. Murillo
18                                          Filed:      March 24, 2022
                                            Trial:      Not set

19

20   PROPOUNDING PARTY:          Defendant WALMART INC.

21   RESPONDING PARTY:           Plaintiff MARION SHAPIRO

22   SET NUMBER:                 ONE (1)

23        Defendant WALMART INC. ("Defendant"), by and through its attorneys, Pettit Kohn

24   Ingrassia Lutz & Dolin PC, hereby requests that Plaintiff MARION SHAPIRO ("Plaintiff")

25   respond to the following interrogatories separately and fully in writing and under oath pursuant

26   to Code of Civil Procedure section 2030.010 et seq., and that the responses be signed by the

27   person making them and be served on Pettit Kohn Ingrassia Lutz & Dolin PC, located at

28   11622 El Camino Real, Suite 300, San Diego, California, within the time required by law.

2354-9566

1  Defendant refers to sections 1 through 4 of Judicial Council Official Form Interrogatories which

2  are specifically incorporated herein by reference.

3  **SPECIAL INTERROGATORIES**

4  **SPECIAL INTERROGATORY NO. 1:**

5      Are YOU a citizen of California? (As used herein, "YOU" or "YOUR" means Plaintiff

6  MARION SHAPIRO.)

7  **SPECIAL INTERROGATORY NO. 2:**

8      Do YOU intend to move out of California in the next five years?

9  **SPECIAL INTERROGATORY NO. 3:**

10      Do YOU intend to live in California indefinitely?

11  **SPECIAL INTERROGATORY NO. 4:**

12      Do YOU contend that your alleged damages resulting from the INCIDENT amount to

13  more than $75,000? (As used herein, "INCIDENT" includes the circumstances and events

14  surrounding the alleged occurrences giving rise to this action as alleged in YOUR COMPLAINT.

15  "COMPLAINT" means the operative Complaint filed by YOU in this action, *MARION SHAPIRO*

16  *v. WALMART INC.*, Superior Court of the State of California for the County of Los Angeles, Case

17  Number 22STCV10322.)

18  **SPECIAL INTERROGATORY NO. 5:**

19      Please state each and every way YOU contend that DEFENDANT was negligent. (As

20  used herein, "DEFENDANT" refers to Defendant WALMART INC. and its agents, employees,

21  insurance companies, and their agents, their employees, their attorneys, their accountants, their

22  investigators, and anyone else acting on their behalf.)

23  **SPECIAL INTERROGATORY NO. 6:**

24      Please IDENTIFY all persons who support YOUR contention that DEFENDANT was

25  negligent. (As used herein, "IDENTIFY" means by name, address and phone number.)

26  **SPECIAL INTERROGATORY NO. 7:**

27      Please IDENTIFY all persons who accompanied YOU to DEFENDANT's premises on

28  the date of the INCIDENT.

2354-9566

**SPECIAL INTERROGATORY NO. 8:**

Please IDENTIFY every employee or agent of DEFENDANT that YOU spoke to about the INCIDENT.

**SPECIAL INTERROGATORY NO. 9:**

Describe the content of the conversations YOU had with DEFENDANT's employees that YOU spoke to about the INCIDENT on the day of the INCIDENT

**SPECIAL INTERROGATORY NO. 10:**

Please describe exactly how the INCIDENT occurred.

**SPECIAL INTERROGATORY NO. 11:**

Please describe with specificity all items YOU were carrying or pushing at the time of the INCIDENT.

**SPECIAL INTERROGATORY NO. 12:**

Please state the number of DEFENDANT's employees who were within YOUR immediate vicinity at the time of the INCIDENT.

**SPECIAL INTERROGATORY NO. 13:**

Describe with specificity the location where the INCIDENT occurred.

**SPECIAL INTERROGATORY NO. 14:**

Describe with specificity the alleged "dangerous condition" that caused the INCIDENT.

**SPECIAL INTERROGATORY NO. 15:**

If YOU contend DEFENDANT possessed actual knowledge of the alleged dangerous condition, please state with specificity each and every fact that supports YOUR contention.

**SPECIAL INTERROGATORY NO. 16:**

If YOU contend DEFENDANT possessed constructive knowledge of the alleged dangerous condition, please state with specificity each and every fact that supports YOUR contention.

**SPECIAL INTERROGATORY NO. 17:**

Please state with specificity when YOU first reported the INCIDENT to DEFENDANT.

///

3

Exhibit 4
30

1  **SPECIAL INTERROGATORY NO. 18:**

2       Please state with specificity the amount of hospital and medical expenses YOU contend

3  YOU suffered as a result the INCIDENT.

4  **SPECIAL INTERROGATORY NO. 19:**

5       Please state with specificity the amount of general damages YOU contend YOU suffered

6  as a result the INCIDENT.

7  **SPECIAL INTERROGATORY NO. 20:**

8       Please describe where YOU were looking immediately prior to the INCIDENT.

9  **SPECIAL INTERROGATORY NO. 21:**

10      Please state the date YOU last had a doctor's appointment before the INCIDENT.

11 **SPECIAL INTERROGATORY NO. 22:**

12      Please IDENTIFY all medical locations YOU sought treatment in the last ten (10) years

13 for the same areas of the body YOU allegedly injured in the INCIDENT.

14 **SPECIAL INTERROGATORY NO. 23:**

15      Please IDENTIFY YOUR primary care physician at the time of the INCIDENT.

16 **SPECIAL INTERROGATORY NO. 24:**

17      Please state when YOU retained YOUR attorney for this matter.

18 **SPECIAL INTERROGATORY NO. 25:**

19      Please state how YOU learned of YOUR attorney or obtained YOUR attorney's name for

20 this matter.

21 **SPECIAL INTERROGATORY NO. 26:**

22      State all facts supporting YOUR allegation that "While shopping in the Walmart Store,

23 located at 1950 Auto Center Drive, Glendora, County of Los Angeles, State of California

24 91740, Plaintiff was, without warning, struck on the head from behind by a heavy object" as

25 alleged in the COMPLAINT.

26 ///

27 ///

28 ///

2354-9566

**4**

Exhibit 4
31

1  **SPECIAL INTERROGATORY NO. 27:**

2      Please IDENTIFY all witnesses that support YOUR allegation that "While shopping in

3  the Walmart Store … , Plaintiff was, without warning, struck on the head from behind by a

4  heavy object" as alleged in the COMPLAINT.

5  **SPECIAL INTERROGATORY NO. 28:**

6      State all facts supporting YOUR allegation that "[t]he object that struck the Plaintiff was

7  a large pole which had been attached to the wall and, without warning, fell and struck the

8  Plaintiff" as alleged in the COMPLAINT.

9  **SPECIAL INTERROGATORY NO. 29:**

10     Please IDENTIFY all witnesses that support YOUR allegation that "[t]he object that

11 struck the Plaintiff was a large pole which had been attached to the wall and, without warning,

12 fell and struck the Plaintiff" as alleged in the COMPLAINT.

13                 **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

14

15 Dated:  May 12, 2022         By:

16                            Andrew N. Kohn, Esq.
                           Carey J. Ramin, Esq.

17                            Attorneys for Defendant
                           **WALMART INC.**

18

19

20

21

22

23

24

25

26

27

28

2354-9566

Exhibit 4
32

1

**PROOF OF SERVICE**
*Marion Shapiro v Walmart Inc.*

2

**Los Angeles County Superior Court Case No. 22STCV10322**

3

    I, the undersigned, declare that:

4

    I am and was at the time of service of the papers herein, over the age of eighteen (18)

5

years and am not a party to the action.  I am employed in the County of San Diego, California, and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

6

    On **May 12, 2022,** I caused to be served the following document:

7

    **DEFENDANT WALMART INC.'S SPECIAL INTERROGATORIES PROPOUNDED TO PLAINTIFF MARION SHAPIRO (SET ONE)**

8

9

**[X]**    **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court,**

10

**rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or electronic transmission, I caused such document(s) to be electronically served to those parties listed below from e-mail address lremsnyder@pettitkohn.com.  The file

11

transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

12

13

Dale E. Motley, Esq.
OGDEN & MOTLEY

14

1900 Avenue of the Stars, Suite 2300
Los Angeles, CA 90067

15

Tel:    (310) 286-6760
Fax:    (310) 286-7419

16

Email: dalemotley@msn.com
**Attorneys for Plaintiff**

17

**MARION SHAPIRO**

18

    I declare under penalty of perjury under the laws of the State of California that the

19

foregoing is true and correct.

20

    Executed on **May 12, 2022,** at San Diego, California.

21

22

_____
Lisa M. Remsnyder

23

24

25

26

27

28

6

DEFENDANT WALMART INC.'S SPECIAL INTERROGATORIES PROPOUNDED TO
PLAINTIFF MARION SHAPIRO (SET ONE)

Exhibit 4
33

1   DALE E. MOTLEY, SBN 69208
    OGDEN & MOTLEY
2   1900 Avenue of the Stars
    Suite 2300
3   Los Angeles, California  90067

4   (310) 286-6760; Fax (310) 286-7419

5   Attorneys for Plaintiff,
    MARION SHAPIRO

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10

11  MARION SHAPIRO,                )    Case No. 22STCV09208
                                   )
12            Plaintiff,           )    Assigned for All Purposes:
                                   )    Honorable Serena R. Murillo
13  vs.                            )    Department 29
                                   )
14  WALMART INC., etc.; et al.,    )    Complaint Filed: March 24, 2022
                                   )
15            Defendants.          )    **ANSWERS AND OBJECTIONS OF**
    _____    )    **PLAINTIFF, MARION SHAPIRO, TO**
16                                 )    **SPECIAL INTERROGATORIES - SET**
                                        **ONE**
17

18       REQUESTING PARTY      :    Defendant, WALMART INC.

19       RESPONDING PARTY      :    Plaintiff, MARION SHAPIRO

20       SET NUMBER            :    One

21  _____

22       Pursuant to *Code of Civil Procedure, Section 2030.210*, Plaintiff, MARION SHAPIRO

23  (hereinafter referred to sometimes as "Responding Party"), hereby submits the following

24  Response to Defendant's Special Interrogatories, Set One.

25       Each of the following responses is made solely for the purposes of this action.  Each

26  response is subject to all objections as to competence, relevance, materiality, propriety, and

27  admissibility, and any and all objections on any ground that would require the exclusion of any

28  statement herein if any request were asked of, or statements contained herein made by, a witness

_____

Exhibit 4
34

present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Each of the following responses is based upon information and writings presently available to and located by Responding Party and Responding Party's attorney. Discovery will continue as long as permitted by statute or stipulation of the parties herein, and the investigation of Responding Party's attorneys and agents will continue to and throughout the trial of this action. Responding Party reserves the right, prior to or at the time of the trial, to introduce any evidence from any sources that may hereafter be discovered, and any testimony of witnesses whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the information omitted from these responses.

No incidental or implied admissions are intended by the responses herein. The fact that Responding Party has responded or objected to any request should not be taken as an admission that Responding Party accepts or admits the existence of any facts set forth or assumed by such request, or that such response or objections constitute admissible evidence. That Responding Party has responded to part or all of any request is not intended to and shall not be construed to be a waiver of any part of any objection to any request.

To the extent any or all requests call for information prepared in anticipation of litigation or for trial, or which is otherwise covered by the work-product doctrine or is protected from disclosure by the attorney-client privilege, or any other privilege, Responding Party objects to each and every such request and will not supply or render information protected from discovery by virtue of such doctrines or privileges.

To the extent that information supplied herein is derived from or contained in reports or documents prepared by anyone other than Responding Party, or Responding Party agents or employees, Responding Party does not admit that the statements contained therein are true or accurate.

Subject to and without waiving of the foregoing, all of which applies to and is

1   incorporated by reference as though fully set forth in the response to each and every request,

2   Responding Party makes the following responses.

3   **SPECIAL INTERROGATORY NO. 1:**

4       Are YOU a citizen of California? (As used herein, "YOU" or "YOUR" means Plaintiff

5   MARION SHAPIRO.)

6   **ANSWER TO SPECIAL INTERROGATORY NO. 1:**

7       Responding Party objects to this request on the ground that it calls for a legal conclusion,

8   expert opinion, and speculation.  However, without waiving the foregoing objections, yes.

9   **SPECIAL INTERROGATORY NO. 2:**

10      Do YOU intend to move out of California in the next five years?

11  **ANSWER TO SPECIAL INTERROGATORY NO. 2:**

12      Responding Party objects to this request on the ground that it is not reasonably calculated

13  to lead to the discovery of relevant and admissible evidence.  However, without waiving the

14  foregoing objections, no.

15  **SPECIAL INTERROGATORY NO. 3:**

16      Do YOU intend to live in California indefinitely?

17  **ANSWER TO SPECIAL INTERROGATORY NO. 3:**

18      Responding Party objects to this request on the ground that it calls for a speculation and

19  is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

20  However, without waiving the foregoing objections, yes.

21  **SPECIAL INTERROGATORY NO. 4:**

22      Do YOU contend that your alleged damages resulting from the INCIDENT amount to

23  more than $75,000? (As used herein, "INCIDENT" includes the circumstances and events

24  surrounding the alleged occurrences giving rise to this action as alleged in YOUR

25  COMPLAINT. "COMPLAINT" means the operative Complaint filed by YOU in this action,

26  MARION SHAPIRO v. WALMART INC., Superior Court of the State of California for the

27  County of Los Angeles, Case Number 22STCV10322.)

28  ///

ANSWERS TO SPECIAL INTERROGATORIES, SET ONE

Exhibit 4
36

1   **ANSWER TO SPECIAL INTERROGATORY NO. 4:**

2       Responding Party objects to this request on the ground that it calls for a legal conclusion,

3   expert opinion, and speculation.  However, without waiving the foregoing objections, yes.

4   **SPECIAL INTERROGATORY NO. 5:**

5       Please state each and every way YOU contend that DEFENDANT was negligent. (As

6   used herein, "DEFENDANT" refers to Defendant WALMART INC. and its agents, employees,

7   insurance companies, and their agents, their employees, their attorneys, their accountants, their

8   investigators, and anyone else acting on their behalf.)

9   **ANSWER TO SPECIAL INTERROGATORY NO. 5:**

10      Responding Party objects to this request on the ground that it calls for a legal conclusion,

11  expert opinion, and speculation.   However, without waiving the foregoing objections,

12  Responding Party states Defendant failed to adequately secure a large steel pole that was attached to

13  a wall crate.

14  **SPECIAL INTERROGATORY NO. 6:**

15      Please IDENTIFY all persons who support YOUR contention that DEFENDANT was

16  negligent. (As used herein, "IDENTIFY" means by name, address and phone number.)

17  **ANSWER TO SPECIAL INTERROGATORY NO. 6:**

18      Responding Party objects to this request on the ground that it calls for a legal conclusion,

19  expert opinion, and speculation.   However, without waiving the foregoing objections,

20  Responding Party states that she supports the contention that the Defendant was responsible for

21  her injuries.

22  **SPECIAL INTERROGATORY NO. 7:**

23      Please IDENTIFY all persons who accompanied YOU to DEFENDANT's premises on

24  the date of the INCIDENT.

25  **ANSWER TO SPECIAL INTERROGATORY NO. 7:**

26      . None.

27  **SPECIAL INTERROGATORY NO. 8:**

28      Please IDENTIFY every employee or agent of DEFENDANT that YOU spoke to about

ANSWERS TO SPECIAL INTERROGATORIES, SET ONE

Exhibit 4
37

1    the INCIDENT.

2    **ANSWER TO SPECIAL INTERROGATORY NO. 8:**

3           Walmart employees Rueben and Carmen.

4    **SPECIAL INTERROGATORY NO. 9:**

5           Describe the content of the conversations YOU had with DEFENDANT's employees that

6    YOU spoke to about the INCIDENT on the day of the INCIDENT.

7    **ANSWER TO SPECIAL INTERROGATORY NO. 9:**

8           Rueben asked if the Responding Party was okay and then what she wanted him to do.

9           Carmen asked if the Plaintiff needed an ambulance. She then asked the Plaintiff what had

10   happened.  Carmen then stated that the pole could have come off of the wall because of a

11   customer banging into it.

12   **SPECIAL INTERROGATORY NO. 10:**

13          Please describe exactly how the INCIDENT occurred.

14   **ANSWER TO SPECIAL INTERROGATORY NO. 10:**

15          In the early evening of Sunday, December 20, 2020, at approximately 4:15, the

16   Responding was in the Walmart located on Auto Center Drive in Glendora, California. At 4:30,

17   the Responding Party got an electric cart and began shopping.  At 5:00, the Responding Party

18   was driving the cart down the center aisle when she spotted an item she wanted.  As the

19   Responding was about 3 feet from her destination, she felt something hit her on the left side of

20   her head.  The object hit her from behind by a huge steel pole attached to a wall crate which was

21   supposed to be attached to the wall.

22   **SPECIAL INTERROGATORY NO. 11:**

23          Please describe with specificity all items YOU were carrying or pushing at the time of the

24   INCIDENT.

25   **ANSWER TO SPECIAL INTERROGATORY NO. 11:**

26          Responding Party was in an electric cart.

27   **SPECIAL INTERROGATORY NO. 12:**

28          Please state the number of DEFENDANT's employees who were within YOUR

ANSWERS TO SPECIAL INTERROGATORIES, SET ONE

Exhibit 4
38

1  immediate vicinity at the time of the INCIDENT.

2  **ANSWER TO SPECIAL INTERROGATORY NO. 12:**

3      Unknown

4  **SPECIAL INTERROGATORY NO. 13:**

5      Describe with specificity the location where the INCIDENT occurred.

6  **ANSWER TO SPECIAL INTERROGATORY NO. 13:**

7      In the center aisle of the store.

8  **SPECIAL INTERROGATORY NO. 14:**

9      Describe with specificity the alleged "dangerous condition" that caused the INCIDENT.

10 **ANSWER TO SPECIAL INTERROGATORY NO. 14:**

11     Responding Party objects to this request on the ground that it calls for a legal conclusion,

12 expert opinion, and speculation.  However, without waiving the foregoing objections,

13 Responding Party states that the large steel pole that fell and hit her head.

14 **SPECIAL INTERROGATORY NO. 15:**

15     If YOU contend DEFENDANT possessed actual knowledge of the alleged dangerous

16 condition, please state with specificity each and every fact that supports YOUR contention.

17 **ANSWER TO SPECIAL INTERROGATORY NO. 15:**

18     Responding Party objects to this request on the ground that it calls for a legal conclusion,

19 expert opinion, and speculation.  However, without waiving the foregoing objections,

20 Responding Party states that a Walmart employee stated that she was aware of the condition.

21 **SPECIAL INTERROGATORY NO. 16:**

22     If YOU contend DEFENDANT possessed constructive knowledge of the alleged

23 dangerous condition, please state with specificity each and every fact that supports YOUR

24 contention.

25 **ANSWER TO SPECIAL INTERROGATORY NO. 16:**

26     Responding Party objects to this request on the ground that it calls for a legal conclusion,

27 expert opinion, and speculation.  However, without waiving the foregoing objections,

28 Responding Party states that a Walmart employee stated that she was aware of the condition.

**SPECIAL INTERROGATORY NO. 17:**

Please state with specificity when YOU first reported the INCIDENT to DEFENDANT.

**ANSWER TO SPECIAL INTERROGATORY NO. 17:**

Responding Party spoke with a Walmart employee at the scene.

**SPECIAL INTERROGATORY NO. 18:**

Please state with specificity the amount of hospital and medical expenses YOU contend YOU suffered as a result the INCIDENT.

**ANSWER TO SPECIAL INTERROGATORY NO. 18:**

See medical records produced in response to Defendant's request for production of documents.

**SPECIAL INTERROGATORY NO. 19:**

Please state with specificity the amount of general damages YOU contend YOU suffered as a result the INCIDENT.

**ANSWER TO SPECIAL INTERROGATORY NO. 19:**

Responding Party objects to this request on the ground that it calls for a legal conclusion, expert opinion, and speculation.   However, without waiving the foregoing objections, Responding Party states $250,000.00.

**SPECIAL INTERROGATORY NO. 20:**

Please describe where YOU were looking immediately prior to the INCIDENT.

**ANSWER TO SPECIAL INTERROGATORY NO. 20:**

Responding Party was looking ahead towards her right.

**SPECIAL INTERROGATORY NO. 21:**

Please state the date YOU last had a doctor's appointment before the INCIDENT.

**ANSWER TO SPECIAL INTERROGATORY NO. 21:**

In October of 2020.

**SPECIAL INTERROGATORY NO. 22:**

Please IDENTIFY all medical locations YOU sought treatment in the last ten (10) years for the same areas of the body YOU allegedly injured in the INCIDENT.

ANSWERS TO SPECIAL INTERROGATORIES, SET ONE

Exhibit 4
40

1    **ANSWER TO SPECIAL INTERROGATORY NO. 22:**

2    None.

3    **SPECIAL INTERROGATORY NO. 23:**

4    Please IDENTIFY YOUR primary care physician at the time of the INCIDENT.

5    **ANSWER TO SPECIAL INTERROGATORY NO. 23:**

6    Dr. Ihsan Hakimeh, 2025 East Route 66, Glendora, CA 91740, (626) 963-3682.

7    **SPECIAL INTERROGATORY NO. 24:**

8    Please state when YOU retained YOUR attorney for this matter.

9    **ANSWER TO SPECIAL INTERROGATORY NO. 24:**

10   Responding Party objects to this interrogatory on the ground that it calls for information

11   protected from disclosure by the attorney client privilege.

12   **SPECIAL INTERROGATORY NO. 25:**

13   Please state how YOU learned of YOUR attorney or obtained YOUR attorney's name for

14   this matter.

15   **ANSWER TO SPECIAL INTERROGATORY NO. 25:**

16   Responding Party objects to this interrogatory on the ground that it calls for information

17   protected from disclosure by the attorney client privilege.

18   **SPECIAL INTERROGATORY NO. 26:**

19   State all facts supporting YOUR allegation that "While shopping in the Walmart Store,

20   located at 1950 Auto Center Drive, Glendora, County of Los Angeles, State of California

21   91740, Plaintiff was, without warning, struck on the head from behind by a heavy object" as

22   alleged in the COMPLAINT.

23   **ANSWER TO SPECIAL INTERROGATORY NO. 26:**

24   Responding Party objects to this request on the ground that it calls for a legal conclusion,

25   expert opinion, and speculation.   However, without waiving the foregoing objections,

26   Responding Party states:

27   In the early evening of Sunday, December 20, 2020, at approximately 4:15, the

28   Responding Party was in the Walmart located on Auto Center Drive in Glendora, California.

ANSWERS TO SPECIAL INTERROGATORIES, SET ONE

Exhibit 4
41

1   At 4:30, the Responding Party got an electric cart and began shopping.  At 5:00, the Responding

2   Party was driving the cart down the center aisle when she spotted an item she wanted.  As the

3   Responding Party was about 3 feet from her destination, she felt something hit her on the left

4   side of her head.  The object hit her from behind by a huge steel pole attached to a wall crate

5   which was supposed to be attached to the wall.

6   **SPECIAL INTERROGATORY NO. 27:**

7   Please IDENTIFY all witnesses that support YOUR allegation that "While shopping in

8   the Walmart Store ... , Responding Party was, without warning, struck on the head from behind

9   by a heavy object" as alleged in the COMPLAINT.

10  **ANSWER TO SPECIAL INTERROGATORY NO. 27:**

11  Responding Party objects to this request on the ground that it calls for a legal conclusion,

12  expert opinion, and speculation.   However, without waiving the foregoing objections,

13  Responding Party states:

14  Responding Party.

15  **SPECIAL INTERROGATORY NO. 28:**

16  State all facts supporting YOUR allegation that "[t]he object that struck the Responding

17  Party was a large pole which had been attached to the wall and, without warning, fell and struck

18  the Responding Party" as alleged in the COMPLAINT.

19  **ANSWER TO SPECIAL INTERROGATORY NO. 28:**

20  Responding Party objects to this request on the ground that it calls for a legal conclusion,

21  expert opinion, and speculation.   However, without waiving the foregoing objections,

22  Responding Party states:

23  Responding Party, Walmart employee Rueben, Walmart employee Carmen.

24  **SPECIAL INTERROGATORY NO. 29:**

25  Please IDENTIFY all witnesses that support YOUR allegation that "[t]he object that

26  struck the Responding Party was a large pole which had been attached to the wall and, without

27  warning, fell and struck the Responding Party" as alleged in the COMPLAINT.

28  ///

ANSWERS TO SPECIAL INTERROGATORIES, SET ONE

Exhibit 4
42

1  **ANSWER TO SPECIAL INTERROGATORY NO.29:**

2      Responding Party objects to this request on the ground that it calls for a legal conclusion,

3  expert opinion, and speculation.   However, without waiving the foregoing objections,

4  Responding Party states:

5      Responding Party, Walmart employee Rueben, Walmart employee Carmen.

6      DATED: July   6 , 2022

7

8                    OGDEN & MOTLEY,

9

10          By:    DALE E. MOTLEY,
                  Attorneys for Plaintiff,
                  MARION SHAPIRO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing _____ ANSWERS TO SPECIAL INTERROGATORIES _____
_____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

[X]   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ ] I am informed and believe and on that ground alleges that the matters stated in the foregoing document are true. [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___ July   6 , 2022 _____ , at Covina _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

MARION SHAPIRO _____          _____
                Type or Print Name                      Signature

### PROOF OF SERVICE

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**

[ ] *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

[ ] **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[ ] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Type or Print Name                      Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus    Rev. 7/99

Exhibit 4
44

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA            )
                                             ) ss.
3

COUNTY OF LOS ANGELES      )

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2300, Los Angeles, California 90067.

5

6

     On July 6 , 2022, I served the foregoing document described as:

7

**ANSWERS AND OBJECTIONS OF PLAINTIFF, MARION SHAPIRO, TO SPECIAL INTERROGATORIES - SET ONE**

8

on interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

9

10

CAREY J. RAMIN
PETTIT, KOHN, INGRASSIA & DOLIN
11622 El Camino Real, Suite 300
San Diego, California 92130
cramin@pettitkohn.com
lremsnyder@pettitkohn.com

11

12

13

14

    [ ]    **BY MAIL AS FOLLOWS**:  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing an affidavit.

15

16

17

18

    [X]    **BY EMAIL**: The foregoing document was transmitted to the above-named persons by email from dalemotley@msn.com before 5:00 P.M. on said date and the transmission was reported as complete without error to the above-listed e-mails.

19

20

    ☐    **BY FACSIMILE MACHINE**: The foregoing document was transmitted to the above-named persons by facsimile transmission from (310) 286-7419 before 5:00 P.M. on said date and the transmission was reported as complete without error.

21

22

    [ ]    **CERTIFIED MAIL/RETURN RECEIPT REQUESTED** :  I caused such envelope to be mailed, with postage thereon fully prepaid, by certified mail/return receipt requested.

23

    [X]    **(State)**  I declare under penalty of perjury under the laws of the State of California the above is true and correct.

24

25

    ☐    **(Federal)** I declare that I am employed in the office of a member of the bar of this court and whose direction the service was made.

26

    Executed on July 6 , 2022, at Los Angeles, California.

27

28

            DALE E. MOTLEY

Exhibit 4
45



# California
## Secretary of State

Business    UCC

Login

🏠 Home
🔍 Search
📄 Forms
❓ Help

# Business Search

The California Business Search provides acc...
State, with **free PDF copies** of over 17 milli...
Companies.

Currently, information for Limited Liability...
other entity types **are not contained in the**...
of filings for these entity types. Note: This se...
Reservation ? Corporation, LLC, LP.

**Basic Search**

- A Basic search can be performed using...
  **search** will search **only ACTIVE entities**...
  Interest Developments, and Out of State...
  status other than active or to refine sear...

**Advanced Search**

- An Advanced search is required when se...
- An Advanced search allows for searching...
  search criteria.

**Disclaimer:** Search results are limited to th...
the search criteria using the Advanced searc...
complete or certified record.

Although every attempt has been made to e...
damage resulting directly or indirectly from...
copies or certificates of status, (1) locate an...

© 2022 CA Secretary of State

Entity Information ⇅

WALMART INC. (1634374)

---

## Publicly Traded Disclosure Information ✕

### CORPORATION

| | |
|---|---|
| Corporation Name: | WALMART INC. |
| Corporation Number: | 1634374 |
| Bankruptcy: | N |
| Legal Proceedings (Material pending legal proceeding(s)) | Y |
| Legal Proceedings (Legally liable in any material legal proceeding(s)) | Y |

### INDEPENDENT AUDITOR

| | |
|---|---|
| Prepared most recent auditor's report: | ERNST & YOUNG LLP |
| Employed by the corporation as of the date of the statement: | |

### BOARD OF DIRECTOR INFORMATION

| | |
|---|---|
| Number of Female Directors on the Board: | 3 or More Directors |
| Number of Underrepresented Directors on the Board: | |

### DIRECTORS AND EXECUTIVE OFFICERS

| Name | Compensation | Shares | Options | Bankruptcy | Fraud | Title |
|---|---|---|---|---|---|---|
| CESAR CONDE | 100,000 | 1,433 | 0 | N | N | Director |
| TIMOTHY P. FLYNN | 124,990 | 1,433 | 0 | N | N | Director |
| SARAH J. FRIAR | 119,865 | 1,433 | 0 | N | N | Director |
| CARLA A. HARRIS | 99,948 | 1,433 | 0 | N | N | Director |
| THOMAS W. HORTON | 155,000 | 1,433 | 0 | N | N | Director |
| MARISSA A. MAYER | 100,012 | 1,433 | 0 | N | N | Director |
| GREGORY B. PENNER | 212,713 | 2,354 | 0 | N | N | Director |
| STEVEN S REINEMUND | 122,129 | 1,433 | 0 | N | N | Director |
| S. ROBSON WALTON | 100,000 | 1,433 | 0 | N | N | Director |
| STEUART L. WALTON | 119,865 | 1,433 | 0 | N | N | Director |

---

## WALMART INC. (1634374) ✕



Request Certificate

| | |
|---|---|
| Initial Filing Date | 02/03/1989 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | DELAWARE |
| Entity Type | Stock Corporation - Out of State - Stock |
| Principal Address | 702 SW 8TH STREET BENTONVILLE, AR 72716 |
| Mailing Address | 702 SW 8TH STREET BENTONVILLE, AR 72716 |
| Statement of Info Due Date | 02/28/2023 |
| Agent | 1505 Corporation 112 C T CORPORATION SYSTEM 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 |
| PT Info | View Publicly Traded Disclosure Information |

🕐 View History    👥 Request Access

Exhibit 5
46



## Search Incorporations, Cooperatives, Banks and Insurance Companies

This is only a preliminary search and no guarantee that a name is available for initial filing
until a confirmation has been received from the Secretary of State after filing has been processed
Please review our NAME AVAILABILITY GUIDELINES HERE prior to searching for a new entity name.

Printer Friendly Version

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

For service of process contact the Secretary of State's office.

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Fictitious Names | BUD'S DISCOUNT CITY |
| | BUD'S WAREHOUSE OUTLET |
| | BUD'S WAREHOUSE OUTLET |
| | FORT SMITH REMARKETING |
| | SAM'S CLUB |
| | SAM'S WHOLESALE CLUB |
| | WAL-MART |
| | WAL-MART AVIATION |
| | WAL-MART EXPRESS |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART NEIGHBORHOOD MARKET |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER |
| | WAL-MART SUPERCENTER #1147 |
| | WAL-MART SUPERCENTER #8 |
| | WAL-MART VACATIONS |
| | WALTON LIFE FITNESS CENTER |
| Filing # | 100067582 |
| Filing Type | Foreign For Profit Corporation |
| Filed under Act | For Bus Corp; 958 of 1987 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | C T CORPORATION SYSTEM |
| Agent Address | 124 WEST CAPITOL AVENUE, SUITE 1900 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 03/31/1970 |
| Officers | SEE FILE, Incorporator/Organizer |
| | RICKY YOUNG , Tax Preparer |
| | C DOUGLAS MCMILLON , President |
| | RACHEL BRAND , Secretary |
| | WAYNE HAMILTON , Vice-President |
| | AMANDA WHALEN , Treasurer |
| | DAVID CHOJNOWSKI , Controller |
| Foreign Name | N/A |
| Foreign Address | 702 SW 8TH STREET |
| | BENTONVILLE, AR 72716 |
| State of Origin | DE |

**Purchase a Certificate of Good Standing for this Entity**          **Pay Franchise Tax for this corporation**

Exhibit 6
47